UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DEANNA JADE BARNES )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>NULEASE MEDICAL SOLUTIONS, LLC )<br>)<br>Defendant. )<br>) | CASE NO.: 3:22CV-64-BJB<br><br>*Electronically Filed* |

**ANSWER OF DEFENDANT TO PLAINTIFF'S COMPLAINT AND COUNTERCLAIM**

Defendant NuLease Medical Solutions, LLC ("Defendant" or "NuLease") through its attorneys, answers the allegations of Plaintiff's Complaint as follows, denying any allegation not specifically admitted:

**FIRST DEFENSE**

**(Responsive Answer)**

1. With regard to the allegations contained in Paragraph 1 of Plaintiff's Complaint, Defendant admits that upon information and belief, Plaintiff is a citizen and resident of Kentucky.

2. In response to Paragraph 2 of the Complaint, Defendant denies that it is a corporation because Defendant is a limited liability company. Defendant admits the remaining allegations contained in Paragraph 2 of the Complaint.

3. In response to Paragraph 3 of the Complaint, Defendant admits that upon information and belief, Plaintiff is a resident of Kentucky.

1

4. Paragraph 4 of the Complaint states legal conclusions that require no response. To the extent a response to Paragraph 4 is required, Defendant admits Plaintiff has initiated this suit but denies that there is any factual or legal basis for any of Plaintiff's claims and denies that Plaintiff is entitled to relief or damages in any amount. Defendant denies that it has violated any provision of the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq.*, and/or the Kentucky Civil Rights Act, KRS Chapter 344, *et seq*.

5. In response to Paragraph 5 of the Complaint, Defendant admits that Plaintiff purports to bring suit pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. 12101, *et seq.,* and that pursuant to 28 U.S.C. §1331, §1332 jurisdiction is conferred upon this Court, but denies the existence of facts and circumstances justifying relief or Plaintiff's right to recover damages in any amount. Defendant admits that Plaintiff also purports to bring suit pursuant to the Kentucky Civil Rights Act, KRS Chapter 344, *et seq*. and that pursuant to 28 U.S.C. §1367 supplemental jurisdiction is conferred upon this Court but denies the existence of facts and circumstances justifying relief or Plaintiff's right to recover damages in any amount.

6. In response to Paragraph 6 of the Complaint, Defendant admits that venue is proper in this Court but denies the existence of facts and circumstances justifying relief or Plaintiff's right to recover damages in any amount.

7. Paragraph 7 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 7 as may allege that it is an employer within the meaning of the Kentucky Civil Rights Act, KRS Chapter 344, *et seq*. Defendant admits that it employed Plaintiff. However, Defendant is otherwise without knowledge or information as to the meaning Plaintiff ascribes to the terms

and/or phrases "At all times material to this action." Therefore, Defendant denies these allegations and any remaining allegations contained in Paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 8 as may allege that it is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. Defendant admits that it employed Plaintiff. However, Defendant is otherwise without knowledge or information as to the meaning Plaintiff ascribes to the terms and/or phrases "At all times material to this action." Therefore, Defendant denies these allegations and any remaining allegations contained in Paragraph 8 of the Complaint.

9. In response to Paragraph 9 of the Complaint, Defendant admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission ("EEOC") but denies that this Charge should have been filed as a result of Defendant's actions. Defendant further admits that the EEOC issued a "Right to Sue Notice" dated October 14, 2021. Defendant is otherwise without knowledge or information as to the meaning Plaintiff ascribes to the terms and/or phrases "Subject of an investigation" and "action is timely filed." Defendant denies facts or circumstances justifying any relief to Plaintiff and denies any and all remaining allegations contained in Paragraph 9 of the Complaint

10. In response to Paragraph 10 of the Complaint, Defendant admits that it hired Plaintiff in June 2016 and that Plaintiff held the title of Regional Clinical Director at the time of her resignation. Defendant affirmatively states that after Plaintiff was hired in June 2016, her employment was terminated in February 2017. Defendant further affirmatively states that Plaintiff was re-hired in January 2018.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Paragraph 12 of the Complaint states legal conclusions that require no response. To the extent a response to Paragraph 12 is required, admits only so much of Paragraph 12 of the Complaint as may allege that Plaintiff was a Regional Clinical Coordinator. Defendant denies the remaining allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16. Defendant admits only so much of Paragraph 16 of the Complaint as may allege that Defendant's Chief Executive Officer ("CEO") is married to a medical doctor and that Defendant's CEO is not licensed as a medical doctor, but that Defendant's Chief Executive Officer has many years of business experience in operating addiction treatment facilities. Defendant denies any and all remaining allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Paragraph 18 is a conclusion of law to which no response is required. To the extent a response is deemed necessary, Defendant is without sufficient knowledge or information as to what Plaintiff did or did not witness. However, Defendant denies any and all remaining allegations contained in Paragraph 18 of the Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. In response to Paragraph 20 of the Complaint, Defendant lacks sufficient knowledge or information to form a belief as to what Plaintiff subjectively "experienced." Defendant denies any and all remaining allegations contained in Paragraph 20 of the Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint to the extent it is alleged that Defendant's CEO began telling Plaintiff "that she couldn't handle the job" and affirmatively states that Plaintiff informed Defendant's CEO that she could not perform her job to the expected level of her duties. Defendant denies any and all remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 24 of the Complaint to the extent it is alleged that Defendant put Plaintiff on "indefinite leave." Defendant denies any and all remaining allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant admits only so much of Paragraph 27 of the Complaint as may allege that Defendant presented Plaintiff with a choice of taking a new position or resigning her employment. Defendant denies any and all remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendant admits only so much of Paragraph 28 of the Complaint as may allege that Defendant offered Plaintiff a new position and that the proposed pay for that position was less than Plaintiff's salary as a Regional Clinical Coordinator. Defendant denies any and all remaining allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint and affirmatively states that NuLease provided Plaintiff with additional paid time off.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. In response to Paragraph 32 of the Complaint, Defendant is without sufficient knowledge or information as to what Plaintiff experienced. However, Defendant specifically denies that it made a "threat" and denies any and all remaining allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36. Defendant admits only so much of Paragraph 36 of the Complaint as may allege that Plaintiff's father was terminated by Defendant and that Plaintiff's spouse and her mother resigned their employment. However, Defendant specifically denies participating in any "extortionist behavior" or "coercion" and denies any and all remaining allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. In response to the allegations contained in Paragraph 39 of the Complaint, Defendant incorporates the responses and defenses set forth in all preceding paragraphs as if fully set forth herein.

40. Paragraph 40 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 40 as may allege that it is an employer within the meaning of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. and the Kentucky Civil Rights Act, KRS Chapter 344, *et seq*.

41. Paragraph 41 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Paragraph 42 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Paragraph 43 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Paragraph 44 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Paragraph 45 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Paragraph 46 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Paragraph 47 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Paragraph 48 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Paragraph 49 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Paragraph 50 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Paragraph 52 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint and denies the existence of facts and circumstances justifying relief or Plaintiff's right to recover damages, fees, and/or costs, in any amount.

53. In response to the allegations contained in Paragraph 53 of the Complaint, Defendant incorporates the responses and defenses set forth in all preceding paragraphs as if fully set forth herein.

54. Paragraph 54 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 54 of the Complaint.

55. Paragraph 55 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 55 as may allege that Plaintiff informed Defendant that she could not perform her job to the expected level of her duties. Defendant denies any and all remaining allegations contained in Paragraph 55 of the Complaint.

56. Paragraph 56 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 56 as may allege that reasonable requests for disability accommodations may be protected under the KCRA. However, Defendant denies that Plaintiff made any reasonable requests for disability accommodations and denies that Plaintiff engaged in any protected activity while employed with Defendant. Defendant denies any and all remaining allegations contained in Paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies that Plaintiff made any reasonable requests for disability accommodations and denies that Plaintiff engaged in any protected activity while employed with Defendant. Defendant denies any and all remaining allegations contained in Paragraph 57 of the Complaint.

58. Paragraph 58 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant admits only so much of Paragraph 58 as may allege that reasonable requests for disability accommodations may be protected under the KCRA. However, Defendant denies that Plaintiff made any reasonable requests for disability accommodations and denies that Plaintiff engaged in any protected activity while

employed with Defendant. Defendant denies that it discriminated or retaliated against Plaintiff and denies any and all remaining allegations contained in Paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 59 of the Complaint.

60. Paragraph 60 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 61 of the Complaint.

62. Paragraph 62 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 63 of the Complaint.

64. Paragraph 64 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint and denies the existence of facts and circumstances justifying relief or Plaintiff's right to recover damages, fees, and/or costs, in any amount.

65. Defendant admits that Plaintiff purports to seek the relief alleged in the Paragraph that begins WHEREFORE on page 8 of the Complaint, including subparts a to h, but denies

the allegations contained therein and denies that Plaintiff is entitled to any declaration, judgment, or relief, at law or in equity.

66. Defendant denies all allegations not specifically admitted herein, including allegations, if any, contained in the introduction, captions and prayer for relief in the Complaint, and denies that Plaintiff is entitled to any of the relief requested and/or to any relief whatsoever.

## **AFFIRMATIVE AND OTHER DEFENSES**

1. No defense asserted in this Answer is intended as, or should be construed to be, an "affirmative defense" or "avoidance" within the meaning of Fed. R. Civ. P. 8, unless failure to plead the defense would constitute a waiver of the defense.

2. Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

3. Plaintiff's claims are barred to the extent that she has failed to satisfy and/or exhaust any and all administrative, jurisdictional, and/or procedural prerequisites to suit.

4. Plaintiff's Complaint may be barred, in whole or in part, by the applicable statutes of limitation, statutes of repose, the equitable doctrine of laches, estoppel, waiver, and/or failure to mitigate losses, injury, or damages.

5. Plaintiff's damages, if any, are barred to the extent that she has failed to mitigate her alleged damages.

6. Plaintiff's claims are barred by unclean hands.

7. Plaintiff's claims are barred by waiver, estoppel and/or laches.

8. Plaintiff's claims are barred by bankruptcy, if applicable.

9. Any actions taken by Defendant with respect to Plaintiff were based on legitimate business reasons unrelated to Plaintiff's alleged disability and/or any alleged protected activity, and any actions taken by Defendant are justified by legitimate, nondiscriminatory, and nonretaliatory business reasons in conformity with, and in reliance upon, Defendant's existing contracts and/or policies, as well as applicable laws.

10. Plaintiff's claim for punitive damages is barred by Defendant's good faith efforts to comply with the law.

11. Any alleged conduct or omission by Defendant is not the cause in fact or the proximate cause of any injury to Plaintiff.

12. Subject to an opportunity for investigation and discovery, Plaintiff's claims may be barred and/or limited by the doctrine of after-acquired evidence.

13. Any claim by Plaintiff for punitive damages is barred, in whole or in part, by the provisions of the U.S. Constitution and the Kentucky Constitution, and because Defendant's actions were not done with malice or reckless indifference to Plaintiff's rights.

14. Defendant has insufficient knowledge or information on which to form a belief as to whether it may have additional, yet unstated, affirmative or other defenses available. Defendant reserves the right to assert additional defenses if discovery indicates they would be appropriate.

WHEREFORE, Defendant respectfully requests that this Court:

(a)  Dismiss Plaintiff's Complaint with prejudice;

(b)  Deny each of Plaintiff's demand and prayer for relief;

(c)  Award Defendant such other and further relief that the Court deems appropriate.

## COUNTERCLAIM

### PARTIES AND JURISDICTION

1. Plaintiff NuLease Medical Solutions, LLC ("NuLease"), is a Kentucky limited liability company with its principal place of business in Louisville, Kentucky.

2. Defendant Jade Barnes ("Barnes"), is a citizen and resident of the Commonwealth of Kentucky.

3. Jurisdiction and venue are proper in this Court pursuant to 28 U.S.C. §§ 1331, 1441, 1367 and 1446, as set forth in NuLease's Notice of Removal.

4. This Court possesses supplemental jurisdiction over this Counterclaim because the Counterclaim arises from the same nucleus of operative fact as Plaintiffs' Complaint. *See* 28 U.S.C. § 1367(a). Specifically, Plaintiff asserts claims relating to her employment and the resignation of her employment. This counterclaim similarly arises out of Plaintiff's employment and relates to her resignation.

### FACTUAL ALLEGATIONS

5. NuLease incorporates by reference all material allegations contain in paragraphs 1 through 4, above.

6. Barnes was an employee of NuLease in January 2021. Barnes was first hired in June 2016 and her employment was terminated in February 2017. Barnes was re-hired in January 2018 and remained employed with NuLease until her resignation in May 2021.

7. In approximately January 2021, Barnes approached the CEO of NuLease and asked to take out a loan.

8. NuLease gives its employees an option to borrow loans from NuLease. In exchange for providing the loan, NuLease requires such employees to repay the loan principal plus interest accruing at a rate of twelve percent (12%) per annum.

9. NuLease requires that paperwork be completed for all loans that are borrowed by employees from the Company. This paperwork includes a Promissory Note that must be filled out by the employee who borrows the loan.

10. Barnes regularly completed such paperwork for employee loans at NuLease. Barnes was aware that NuLease requires this paperwork and that the Promissory Note requires employees to repay the loan principal plus interest accruing at a rate of twelve percent (12%) per annum.

11. Barnes was responsible for completing the paperwork and Promissory Note for her requested loan in 2021. Barnes failed to complete such paperwork.

12. Nevertheless, NuLease agreed to loan Barnes $6,262.90, and Barnes agreed to repay NuLease the loan principal plus interest accruing at a rate of twelve percent (12%) per annum. A copy of the $6,262.90 check evidencing the agreement and loan borrowed by Barnes is attached as **Exhibit A.**

13. Barnes resigned her employment in May 2021 but has failed to pay NuLease any principal or accrued interest on the $6,262.90 loan as required by the parties' agreement.

## COUNT ONE

### Breach of Contract

14. NuLease incorporates by reference all material allegations contained in paragraphs 1 through 13, above.

15. NuLease and Barnes entered into an agreement under which NuLease agreed to lend Barnes $6,262.90, and, in exchange, Barnes agreed to repay NuLease the full principal amount, plus interest accruing at a rate of twelve percent (12%) per annum.

16. The agreement between NuLease and Barnes is legally enforceable, and Barnes entered into the agreement freely and without duress.

17. NuLease performed its contractual obligations under the agreement and loaned Barnes $6,262.90. *See* **Exhibit A.**

18. Barnes materially breached her agreement with NuLease when she failed to repay the loan principal of $6,262.90 plus the required interest, after resigning her employment.

19. As a result of Barnes' breach of her agreement, NuLease has incurred damages in excess of $6,262.90, consisting of the unpaid loan principal and unpaid accrued interest. As such, Barnes is liable to NuLease.

## COUNT TWO

### Unjust Enrichment-Alternative Request for Relief

20. NuLease incorporates by reference all material allegations contained in paragraphs 1 through 19, above.

21. NuLease conferred a benefit to Barnes by lending Barnes $6,262.90.

22. Barnes had knowledge of, accepted, and received the benefit conferred by NuLease.

23. Barnes knew or should have known that, like all other NuLease employees who borrow money from NuLease, she was required to repay NuLease the full loan principal. Additionally, Barnes knew or should have known that loans are subject to twelve percent (12%) per annum interest.

24. NuLease acted with legitimate expectation that the $6,262.90 loan principal would be repaid, plus interest accruing at a rate of twelve percent (12%) per annum.

25. Barnes retained the $6,262.90 loan and did not repay either the loan principal or the accrued interest to NuLease after she resigned her employment.

26. To permit Barnes to retain these funds that belong to NuLease, would result in unjust enrichment of Barnes at the expense and unjustifiable detriment of NuLease.

27. By virtue of Barnes's actions and inactions, as set forth herein, Barnes has been benefited and been unjustly enriched to the detriment of NuLease.

28. Barnes has retained such benefits under circumstances where it would be unjust to do so without payment to NuLease.

29. As a result of Barnes's conduct, NuLease has been damaged in the amount of the $6,262.90 loan plus interest accruing at a rate of twelve percent (12%) per annum.

WHEREFORE, NuLease respectfully requests that this Court grant it relief as follows:

A. Judgment against Barnes for breach of the loan agreement and/or judgment against Barnes for unjust enrichment;

B. NuLease's attorneys' fees and costs;

C. An order dismissing Barnes's claims with prejudice; and

D. All damages and other relief to which NuLease may be entitled.

Respectfully submitted,

FROST BROWN TODD LLC

*/s/ Irina Strelkova*

C. Laurence Woods III
lwoods@fbtlaw.com
Irina Strelkova
istrelkova@fbtlaw.com
400 West Market Street, 32nd Floor
Louisville, KY 40241
Telephone: (502) 589-5400
Facsimile: (502) 581-1087
*Counsel for NuLease Medical Solutions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send electronic notification to the following counsel of record:

Robyn Smith
Adam M. Johnson
4350 Brownsboro Road
Suite 110
Louisville, KY 40207
firm@robynsmithlaw.com
*Counsel for Plaintiff*

*/s/ Irina Strelkova*
*Counsel for NuLease Medical Solutions, LLC*

0140692.0753172  4889-6160-4877v3